# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TERESA R. CHARLES**
       **Plaintiff,**

  v.                                                 **Case No. 14-C-513**

**CAROLYN W. COLVIN,**
**Acting Commissioner of the Social Security Administration**
       **Defendant.**

## ORDER

On March 21, 2011, plaintiff Teresa Charles applied for disability insurance benefits ("DIB") and supplemental security income ("SSI"), claiming that she could not work due to sarcoidosis, diabetes, asthma, and depression, with an alleged onset date of January 2, 2008. (Tr. at 12, 185, 224.) On August 1, 2011, the Social Security Administration ("SSA") denied her application on initial review. (Tr. at 91.) Plaintiff requested reconsideration (Tr. at 109), but on November 30, 2011, the SSA maintained the denial (Tr. at 112). Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on February 15, 2013. (Tr. at 47.) At the hearing, there was some confusion as to whether benefits had been allowed as of July 2012 (Tr. at 51; see also Tr. at 764-76), but plaintiff indicated that she was not getting paid (Tr. at 51-52). Plaintiff's counsel also amended the alleged onset date to March 21, 2011, at which point plaintiff was no longer in insured status, and dismissed the DIB claim. (Tr. at 12, 53.)

On April 18, 2013, the ALJ issued an unfavorable decision. (Tr. at 9.) The ALJ concluded that plaintiff's impairments did not qualify as conclusively disabling under the Listings

(Tr. at 16-17), and that she retained the residual functional capacity ("RFC") for a range of light work, allowing her to perform her past job as a van driver, as well as other jobs identified by the vocational expert (Tr. at 17-23). After the Appeals Council denied review (Tr. at 1), plaintiff brought this action for judicial review.

In her opening brief in this court, plaintiff argued that the ALJ erred in finding that she did not have an impairment that met or medically equaled a Listing, and that she could perform light work. In support of the former claim, she pointed a September 2012 consultant's determination that she equaled Listing 3.02C (Tr. at 1167), which the ALJ ignored in his decision. The Commissioner responded with a motion to remand for further proceedings. The Commissioner noted that the opinion of the unidentified consultant upon which plaintiff relied was not contained in the record; rather, the opinion was referenced in a "case development worksheet." (Tr. at 1167.) The Commissioner suggested that the matter be remanded so the ALJ could supplement the record with the consultant's opinion and then re-evaluate the claim. Plaintiff replied that the matter should be remanded for an award of benefits effective September 1, 2012, consistent with the consultant's opinion, amending her onset date accordingly.

The usual remedy when an ALJ fails to develop the record and/or consider important evidence is remand for further proceedings. See, e.g., Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 355-57 (7th Cir. 2005). This is so because it is the ALJ's job, not the reviewing court's, to weigh competing evidence and determine in the first instance whether the claimant is disabled. See Campbell v. Shalala, 988 F.2d 741, 744 (7th Cir. 1993); see also Pepper v. Colvin, 712 F.3d 351, 362 (7th Cir. 2013) (explaining that the court will not re-weigh the evidence or substitute its judgment for the ALJ's). A judicial award of benefits is appropriate

2

only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports but one conclusion – that the applicant qualifies for disability benefits. Allord v. Astrue, 631 F.3d 411, 415 (7th Cir. 2011).

The record in this case lacks the clarity and certainty required for a judicial award. First, the record contains conflicting evidence – specifically, a July 2011 consultant's opinion – on whether plaintiff meets or equals a Listing. (See Tr. at 78-81; see also Tr. at 693-700, 735.) As plaintiff acknowledges, the ALJ credited this evidence from July 2011 (which also supported the light RFC) over the later evidence from 2012. Plaintiff argues that the ALJ erred in this regard, but that would support a remand rather than a decision by the court to credit the 2012 evidence.

Second, the record does not contain the actual report from September 2012, only a worksheet summary. (Tr. at 1167.) Plaintiff attempts to explain how the evidence supports the consultant's opinion on medical equivalence, but without the actual report this is conjecture.[1] Indeed, it is not even clear from the record when this opinion issued. The worksheet entry is dated September 21, 2012, but below the opinion summary the worksheet lists a date of December 18, 2012. (Tr. at 1167.) In her motion, the Commissioner indicates that upon further inquiry her counsel determined that Dr. Mina Khorshidi rendered this opinion on December 18, 2012. This needs to be sorted out on remand, and plaintiff may if she wishes

---

[1] Plaintiff concedes that the consultant did not find that she precisely met Listing 3.02C. Rather, the consultant found that she equaled the Listing. A claimant can establish "medical equivalence" to a Listing by showing that she has an impairment described in a particular Listing which does not exhibit one or more of the findings specified in that Listing or which exhibits all of the findings but one or more of the findings is not as severe as specified in the Listing, if she has other findings that are at least of equal medical significance to the required criteria. 20 C.F.R. § 404.1526(b)(1). The summary from the worksheet does not permit analysis of this complicated issue.

3

amend her alleged onset date accordingly.[2]

Third, it is unclear whether the ALJ was aware of the September/December 2012 opinion. He cited – and rejected – a July 2012 opinion from a Dr. Terry (Tr. at 21, 764-76), but the September/December 2012 opinion apparently comes from a different consultant. The ALJ did not reference the case development worksheet setting forth the September/December 2012 opinion (exhibit 38F) at the hearing. (See Tr. at 49, admitting exhibits up to 37F). Instead, he referenced the apparent allowance as of July 2012 based on Dr. Terry's opinion.

For these reasons, I will grant the Commissioner's motion. On remand, the ALJ shall supplement the record with Dr. Khorshidi's opinion and all underlying exhibits, create a single record, and issue a new decision; re-evaluate whether plaintiff's impairments meet or equal a Listing, including Listing 3.02, obtaining the assistance of a medical expert, if necessary; re-evaluate all of the medical source opinions; if necessary, evaluate the impact of plaintiff's obesity on her RFC; if necessary, reassess plaintiff's RFC; and, if necessary, obtain supplemental vocational expert evidence at steps four and five.

Plaintiff asks me to recommend that the case be assigned to a different ALJ. See Sarchet v. Chater, 78 F.3d 305, 309 (7th Cir. 1996) (recommending reassignment where the "tone of the administrative law judge's opinion suggests that she may have an unshakable commitment to the denial of this applicant's claim"). However, plaintiff provides no reason to believe that the ALJ could not fairly consider the claim on remand, instead reiterating the ALJ's

---

[2]Plaintiff argues that the factual issues have been resolved as of September 2012 and thus amends her onset date to September 1, 2012. As discussed in the text, it is not clear whether that would result in an immediate grant of benefits. Nor does plaintiff cite any authority in support of a judicial award under such circumstances. It would not be appropriate for the court to simply credit the latest report in the record, at least where other evidence in the record contradicts it.

4

conceded errors in considering and weighing the evidence.  "The ALJ made mistakes here, but the record suggests no strong basis for directing the case to another judge.  The Commissioner is, of course, free to reassign the case if [she] deems it appropriate."  Cox v. Astrue, No. 10-C-1027, 2011 WL 3566935, at *17 (E.D. Wis. Aug. 12, 2011).

**THEREFORE, IT IS ORDERED** that the Commissioner's motion's for remand (R. 17) is **GRANTED**, and this matter is remanded for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four.  The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 18th day of November, 2014.

/s Lynn Adelman
LYNN ADELMAN
District Judge